## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CIVIL NO: _____

**EMILY LESTER,**　　　　　　　　　　　　　　　　　　　　　　　*Plaintiff*

vs.

**COMMERCIAL RECOVERY SYSTEMS, INC.,**
**AND DOES 1-10, INCLUSIVE**　　　　　　　　　　　　　　　*Defendants*

Serve:
Tim Ford
Commercial Recovery Systems, Inc.
8035 E. R. L. Thornton, #220
Dallas, TX 75228

## COMPLAINT

NOW COMES Plaintiff, EMILY LESTER, by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendants, COMMERCIAL RECOVERY SYSTEMS, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## PARTIES

2. Plaintiff, EMILY LESTER ("Plaintiff") is an individual who was at all times relevant hereto residing in the State of Kentucky, County of Lincoln.

3. Plaintiff is a consumer as that term is defined by 15 *U.S.C. § 1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term in defined by 15 *U.S.C. § 1692a(5)*.

4. Defendants are debt collectors as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

5. Defendants are a national corporation with its headquarters in Dallas, Texas.

6. Defendants have acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Defendants, DOES 1-10, are as yet unidentified individuals. Upon information and belief, certain DOES are debt collectors that are or were employed by Defendants at the time relevant hereto.

## JURISDICTION AND VENUE

8. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

9. Defendants conduct business in the State of Kentucky, and therefore, personal jurisdiction is established.

10. Venue is proper under *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

11. In approximately February 2012, Defendants began placing collection calls to Plaintiff, seeking an demanding payment of alleged debt originally owed for a personal car loan taken out by Plaintiff 8 ('eight") years prior, which upon information and belief has been paid off by Plaintiff.

12. Defendants call Plaintiff's telephone and request Plaintiff to place a return call to

telephone numbers: 800-214-5313, 800-214-7869, and 800-214-7891.

13. On or around Feruary 28, 2012 Plaintiff spoke with Defendants or a representative thereof, who identified himself as "Mr. Smith". Mr. Smith told Plaintiff that, "he did not know where her (Plaintiffs) head was stuck but she needed to pull it out."

14. On or around February 28, 2012, Defendants, or a representative thereof who identified himself as "Weston Johnson", told Plaintiff that, "he was going to garnish her (Plaintiffs) wages and be done with it."

15. Defendants threatened to garnish Plaintiff's wages. Upon information and belief, Defendants have not obtained a judgment against Plaintiff.

16. In or around March of 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

17. In the voicemail message, Defendants' representative, "Mr. Jackson" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

18. In the voicemail message, Defendants' representative, "Mr. Jackson", directed Plaintiff to call him back at 1-800-214-5313, and reference file number 2937318, which is a number that belongs to Defendants. *See* Exhibit A.

19. In the voicemail message, Defendants' representative, "Mr. Jackson", states that he has "Internal Revenue Services" paperwork and is going to "go ahead and forward this if we do not hear from you". *See* Exhibit A.

20. In the voicemail message, Defendants' representative, "Mr. Jackson", states that he "has already left several messages at your (plaintiff's) place of employment, the next step

will be through payroll". *See* Exhibit A.

21. Defendants threatened to garnish Plaintiff's wages. Upon information and belief, Defendants have not obtained a judgment against Plaintiff.

22. In or around March of 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit B.

23. In the voicemail message, Defendants' representative, "Mr. Jackson" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit B.

24. In the voicemail message, Defendants' representative, "Mr. Jackson", directed Plaintiff to call him back at 1-800-214-5313, and reference file number 2937318, which is a number that belongs to Defendants. *See* Exhibit B.

25. In or around March of 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit C.

26. In the voicemail message, Defendants' representative, "Mr. Jackson" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit C.

27. In the voicemail message, Defendants' representative, "Mr. Jackson", directed Plaintiff to call him back at 1-800-214-5313, and reference file number 2937318, which is a number that belongs to Defendants. *See* Exhibit C.

28. On March 23, 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit D.

29. In the voicemail message, Defendants' representative, "Mr. Jackson" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit D.

30. In the voicemail message, Defendants' representative, "Mr. Jackson", directed Plaintiff to call him back at 1-800-214-5313, and reference file number 2937318, which is a number that belongs to Defendants. *See* Exhibit D.

31. In or around March of 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit E.

32. In the voicemail message, Defendants' representative, "Angela Sherman" failed to meaningfully disclose the nature of the call or state that the call was from a debt collector. *See* Exhibit E.

33. In the voicemail message, Defendants' representative, "Angela Sherman", directed Plaintiff to call her back at 1-800-214-7869, and reference file number 2937318, which is a number that belongs to Defendants. *See* Exhibit E.

34. In or around March of 2012, Defendants called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit F.

35. In the voicemail message, Defendants' representative, "Mr. Jones" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit F.

36. In the voicemail message, Defendants' representative, "Mr. Jones", directed Plaintiff to call him back at 1-800-214-5313, and reference file number 2937318, which is a

number that belongs to Defendants. *See* Exhibit F.

37. Defendants threatened to take legal action against Plaintiff, but have not done so.

38. Defendants threatened to garnish Plaintiff's wages. Upon information and belief, Defendants have not obtained a judgment against Plaintiff.

39. Defendants place calls to to Plaintiff at Plaintiff's place of employment calling telephone number 859-236-21XX.

40. As early as March 2012, at the inception of the calls, Plaintiff told Defendants not to call Plaintiff at work because such calls are prohibited. Nevertheless, Defendants continue to call Plaintiff at work.

41. Defendants contacted and disclosed information regarding the debt to Plaintiff's co-worker.

42. As a result of Defendants continued calls, Plaintiff suffered embarrassment, humiliation, emotional distress, anguish and mental suffering. When Defendants call Plaintiff. Plaintiff feels stress, aggravation, anguish, and anxiety.

## COUNT I

## DEFENDANTSVIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendants violated the FDCPA based on the following:

   a. Defendants violated §1692c(a)(3) by repeatedly contacting Plaintiff at her place of employment even though Defendants knew that Plaintiff's employer prohibits the consumer from receiving such communications.

   b. Defendants violated §1692c(b) of the FDCPA when Defendants communicated information regarding the alleged debt with a third party.

    c. Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    d. Defendants violated §1692d(6) of the FDCPA through the placement of calls without meaningful disclosure of the caller's identity.

    e. Defendants violated §1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

    f. Defendants violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages if she did not pay Defendant.

    g. Defendants violated §1692e(5) of the FDCPA threatening to take legal action against Plaintiff even though Defendants did not intend to take such action.

    h. Defendants violated §1692e(11) of the FDCPA through the failure to state in communications with a consumer in connection with the collection of a debt that the communication is from a debt collector and that any information obtained will be used for that purpose.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EMILY LESTER, respectfully requests judgment be entered against Defendants, COMMERCIAL RECOVERY SYSTEMS, INC. , for the following:

44.    Actual damages to compensate Plaintiff for his embarrassment, humiliation, mental anguish, emotional distress, anxiety, inconvenience, and the disruption of his day caused by Defendants in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692;*

45. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k;*

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*;

47. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EMILY LESTER, demands a jury trial in this cause of action.

Respectfully Submitted,

**EMILY LESTER**

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Kentucky Bar No. 93993
Krohn & Moss, Ltd
10474 Santa Monica Blvd. Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 x 267
Fax: (866) 861-1390
Email: shormozdi@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____    )
                          ) ss.
COUNTY OF _____    )

Plaintiff, EMILY LESTER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____  4/10/12
EMILY LESTER